In re Gary J. JOLICOEUR and Donna L. Jolicoeur, Debtors.

CORESTATES BANK OF DELAWARE, N.A., Plaintiff,

v.

Gary J. JOLICOEUR and Donna L. Jolicoeur, Defendants.

Bankruptcy No. 90–11491–8P7.

Adv. No. 91–97.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 25, 1991.

Kevin P. O'Brien, John F. Gehring, for plaintiff.

Paul E. Riffel, for defendants.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a two-

count Complaint filed by CoreStates Bank of Delaware, N.A. (CoreStates) seeking a determination that the debt due and owing by Gary J. Jolicoeur and Donna L. Jolicoeur (Debtors) to CoreStates is nondischargeable pursuant to § 523(a)(2)(A) and § 523(a)(2)(B) of the Bankruptcy Code. The parties agreed at the final evidentiary hearing to dismiss the claim based on § 523(a)(2)(B), and thus, only the claim based on § 523(a)(2)(A) remains for consideration. The facts relevant to the matter under consideration, as established at the final evidentiary hearing are as follows.

The Debtor, Gary Jolicoeur, has worked for several years as a general manager at a meat processing plant, and his earnings fluctuated from approximately $2900.00 to $3600.00 per month. In December, 1989, the Debtor and his wife, Donna, purchased an interior decorating business which Donna was to operate. Notwithstanding the fact that the Debtors hired an accountant to review the books of the decorating business before they purchased it, soon after sinking their life savings of $35,000.00 into the business, the Debtors discovered they were responsible for an additional $12,-000.00 in liabilities incurred by the prior owners of the business. This early discovery promptly set the Debtors back financially and began what appears to be a series of events ultimately leading up to the financial difficulties of the Debtors.

In March, 1990, Gary Jolicoeur took a leave of absence from his job in order to help his wife in the business, as the Debtors were determined to make their new business a success. Although Donna Jolicoeur intended to draw approximately $400.00 per week in salary from the business, she often failed to take the salary because of the poor cash flow of the business. This, combined with Gary Jolicoeur's reduced salary due to his leave of absence, caused the Debtors to rely more and more on their credit cards. While the Debtors did not live off their credit cards, they occasionally used credit cards when they had dinner in a restaurant with their three children, and they took cash advances on some occasions for the business.

The Debtors opened an account with CoreStates in October, 1989, and when the Debtors filed their Petition for Relief under Chapter 7 of the Bankruptcy Code in November of 1990, the Debtors had a balance on the Corestates card of approximately $5,200.00, of which $3,500.00 was incurred between August 16, 1990 and November 5, 1990. The Debtors had additional credit cards, however, the total amount owed on these cards does not demonstrate that the Debtors had an extravagant or luxurious lifestyle.

The Debtors incurred additional unexpected financial difficulties in 1990 when their 16-year-old son was in two automobile accidents. The Debtors were forced to pay $2,400.00 for repairs or else they faced having their automobile insurance cancelled. As their financial situation worsened, Gary Jolicoeur became increasingly nervous, and found himself battling depression and anxiety, which caused him to incur additional and abnormal expenses. Further, because of the stress placed on the Debtors' marriage due to the financial difficulties, the Debtors had a temporary marital separation during the summer of 1990, which doubled their living expenses.

 These are the facts upon which Corestates bases its claim of nondischargeability pursuant to § 523(a)(2)(A) of the Bankruptcy Code. This Section provides as follows:

§ 523. Exemptions to Discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

In order to sustain a claim of nondischargeability under § 523(a)(2)(A) of the Bankruptcy Code, a creditor must prove each of the operating elements of § 523(a)(2)(A) by a preponderance of the evidence, rather than by the standard of clear and convinc-

ing evidence, *Grogan v. Garner,* —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

 A claim of nondischargeability under § 523(a)(2)(A) cannot be sustained simply because the cardholders exceeded their credit limit. *First National Bank of Mobile v. Roddenberry,* 701 F.2d 927 (11th Cir.1983). Rather, the issue in this case is whether the Debtors knew, or should have known, when they incurred the CoreStates charges that they would not be able to pay for them. In *Roddenberry,* the Court held that the card issuer assumes the risk that a cardholder may exceed the credit limit, and only charges which were incurred after the privilege to use the credit card was revoked could be declared nondischargeable. However, the instant case differs from *Roddenberry* in that these Debtors never exceeded their credit limit, nor did CoreStates ever revoke the Debtors' privilege to use the card.

The Court, in this case, is satisfied that the Debtors did not incur charges on their CoreStates card while having no intention to pay for them. Instead, this Court finds that the Debtors made efforts to make payments on their CoreStates card, and they struggled sincerely to improve their financial situation. The Court attributes the Debtors' financial problems to the unanticipated liabilities of the decorating business that the Debtors incurred soon after they purchased the business, their son's automobile accidents, the expenses associated with Gary Jolicoeur's medical condition and the Debtors' temporary marital separation.

This Court notes that the Debtors, who testified they worked up to 60 hours a week in order to make their business successful, tried very diligently to improve their financial situation and to keep current on their bills. In fact, this Court notes that the majority of unsecured debt incurred by these Debtors were debts associated with their business. Clearly, this is not a case where on the eve of bankruptcy, the Debtors embarked on a spending spree to purchase luxury goods while having no intention to pay for the goods.

In sum, this Court is satisfied that the creditor has not met its burden of proving that its claim should be declared nondischargeable under § 523(a)(2)(A) of the Bankruptcy Code. Thus, the Debtors' debt due and owing to CoreStates is within the overall protection of the bankruptcy discharge. A separate Final Judgment shall be entered in accordance with the foregoing.

DONE AND ORDERED.